IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE T. KAVANAGH | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 25-8753 |
| INTERNAL REVENUE SERVICE | ) |
|     Defendant. | ) **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, Anne T. Kavanagh ("Plaintiff"), by and through counsel, brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. against the Internal Revenue Service ("Defendant" or "IRS"), which has failed to produce a single document in response to FOIA requests for Plaintiff's IRS exam file made roughly a year prior to the filing of this action, and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who resides at 565 Broadway, Suite 9, New York, NY 10012.

2. Defendant is a bureau of the United States Department of Treasury, an executive department of the United States government, with a principal place of business at 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 as an action arising under the laws of the United States, 5 U.S.C. § 552(a)(4)(B)

as an action arising under the FOIA, and 5 U.S.C. § 702 as an action arising under the APA. This Court has personal jurisdiction over all parties pursuant to 5 U.S.C. § 552(a)(4)(B) as Plaintiff, who filed the FOIA request at issue through counsel, is a resident of New York City, New York.

4. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in the Southern District of New York. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York.

5. Plaintiff acknowledges that the IRS is currently affected by the government shutdown. However, given that Plaintiff expects her appeal with the IRS to move forward immediately when government funding is restored, she files this Complaint now so that the parties can move toward resolution once the IRS re-opens.

## STATEMENT OF FACTS

6. 5 U.S.C. § 552, the FOIA, provides public access to federal government agency records upon request, absent an applicable statutory exemption.

7. The FOIA provides that an agency, such as the IRS, must determine whether to disclose records within 20 business days after receiving a request, promptly notify the requester of its decision, and, if it decides to disclose the records, it must release them promptly. 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(C)(i).

8. The FOIA gives federal district courts the jurisdiction to review the agency's failure to produce records and "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

9. Plaintiff filed individual income tax returns for the calendar years 2020, 2021, and 2022 (the "Examination Years"), and the IRS examined those returns. The examination concluded on February 25, 2025.

10. On October 22, 2024 Plaintiff's counsel submitted a written FOIA request to the IRS regarding the Examination Years (the "October 2024 FOIA Request", Exhibit A).

11. The October 2024 FOIA Request sought the Examination Division's administrative file and all related materials, including worksheets, workpapers, notes, emails, memoranda, computations, case activity records, interview memoranda, statements, written reports and recommendations concerning proposed assessments and penalties, and any documents related to determinations set forth in any Revenue Agent's report.

12. The October 2024 FOIA Request further sought: (i) a list of electronically maintained information identifying each document by subject matter and format; (ii) all files containing information obtained pursuant to third party summonses; (iii) all files prepared by consultants, international examiners, economists, engineers, or other specialists; and (iv) all files and documents taken into account in preparing any Revenue Agent's report or proposed assessments for the Examination Years.

13. The October 2024 FOIA Request expressly excluded copies of originally filed tax returns and correspondence generated by Plaintiff's counsel.

14. On October 31, 2024, the IRS acknowledged receipt of the request and assigned Case No. 2025-01669 (*see* Exhibit B).

15. In that same letter, the IRS informed Plaintif's counsel that it would be unable to provide a response by November 21, 2024, the 20 business-day period required by law for the IRS to respond. The IRS stated that it needed additional time to "search for and, to the extent that

records exist, collect requested records from other locations." The IRS then requested an extension of the statutory deadline, December 6, 2024, to January 6, 2025.

16. The IRS requested three further extensions. First, the IRS requested an extension on January 3, 2025 (*see* Exhibit C at 2). Then, the IRS requested a further extension on February 3, 2025 (Exhibit C). Finally, on June 4, 2025, the IRS requested a further extension of the deadline to respond until September 11, 2025 (Exhibit D).

17. On June 20, 2025, Plaintiff's counsel responded to the June 4, 2025 letter (Exhibit E). In this letter, counsel declined to agree to a further extension until September 11, 2025, requested a status update, and stated that Plaintiff would work with the IRS to determine a mutually agreeable earlier timeframe given that the October 2024 FOIA Request had been outstanding for nearly 8 months.

18. On June 25, 2025, Plaintiff's counsel called the disclosure office assigned to the October 2024 FOIA Request to confirm receipt of the June 20, 2025 letter and left a voicemail message with the disclosure office. An affidavit from Plaintiff's counsel is attached at Exhibit F.

19. On July 28, 2025, after receiving no further communication from the IRS, Plaintiff's counsel again called the disclosure office assigned to the October 2024 FOIA Request to request a status update. Counsel left a voicemail message with the disclosure office.

20. On August 1, 2025, an analyst from the disclosure office returned Plaintiff's counsel's call and informed her that the initially assigned reviewing officer was on leave through August. The analyst further stated that the disclosure office supervisor would contact Plaintiff's counsel the following week.

21. On August 4, 2025, the disclosure office supervisor, Michael Ripley, called Plaintiff's counsel. Mr. Ripley stated that the October 2024 FOIA Request was in a "backlog"

and that the initially assigned reviewing officer would likely need additional time to review it even after returning from his leave at the end of August. Mr. Ripley recommended that Plaintiff withdraw the October 2024 FOIA Request and resubmit a new FOIA request to move the October 2024 FOIA Request out of the "backlog." According to Mr. Ripley, withdrawing and resubmitting a new FOIA request would cause the new FOIA request to be assigned to a new reviewing officer, which would expedite the IRS's response.

22. On August 8, 2025, based on Mr. Ripley's recommendation, Plaintiff withdrew the October 2024 FOIA Request. Plaintiff then submitted a second FOIA request on August 9, 2025 ("August 2025 FOIA Request"), which was materially the same as the October 2024 FOIA Request.

23. On August 14, 2025, the IRS called Plaintiff's counsel and acknowledged receipt of the August 2025 FOIA Request. The IRS also requested that Plaintiff's counsel submit a new Form 2848.

24. On August 15, 2025, Plaintiff's counsel re-submitted the August 2025 FOIA Request with a new Form 2848, which the IRS acknowledged that same day (Exhibit G). The IRS assigned Case No. 2025-19433 and stated that it interpreted the August 2025 FOIA Request to exclude certain documents.

25. The letter further stated, "We are unable to provide the information you requested by September 9, 2025, which is the 20 business-day period required by law for us to respond….As part of this extension, the statutory response date will be extended to September 23, 2025. Unfortunately, we will still be unable to respond to you by the extended statutory response date." The letter then stated that it would inform Plaintiff if it could not complete the request by December 2, 2025.

26. On August 25, 2025, Plaintiff's counsel sent a letter (Exhibit H) to the reviewing officer stating that the August 2025 FOIA Request should not be interpreted to exclude the documents the IRS identified in its August 15, 2025 letter, and requested that the IRS promptly respond to the August 2025 FOIA Request, which was in effect the same as the October 2024 FOIA Request which had been outstanding since October 22, 2024.

27. On September 8, 2025, the new agent assigned to the August 2025 FOIA Request, Y. Carvey, called Plaintiff's counsel. Ms. Carvey stated that she did not understand why Mr. Ripley would have instructed Plaintiff's counsel to withdraw the October 2024 FOIA Request, because the original disclosure officer had pulled the requested documents before going on leave. She stated she was going to discuss the matter with her manager about how best to proceed.

28. On September 10, 2025, Ms. Carvey called Plaintiff's counsel and stated that the August 2025 FOIA Request would be returned to the original office and the disclosure officer assigned to the October 2024 FOIA Request. She stated that the original officer had returned from leave and would be in charge of the response.

29. To date, Plaintiff has not received a response to either the October 2024 FOIA Request or the updated August 2025 FOIA Request.

30. Despite multiple acknowledgments and extensions across both the October 2024 FOIA Request and the August 2025 FOIA Request, the IRS has not produced the requested records, has not issued a determination on the requests within the statutory timeframes, and has not provided adequate justification for withholding any records. The IRS has produced no documents whatsoever – not a single page.

31. Plaintiff also requested mediation assistance from the Office of Government Information Services and has not received a response, other than acknowledgment of receipt on September 5, 2025 and a warning to expect further delays.

32. The IRS's delays have impeded Plaintiff's ability to effectively prepare for as well as fully and meaningfully participate in the IRS appeals process concerning the Examination Years.

33. The IRS failed to make a timely determination and produce responsive records within FOIA's statutory period, so under Treasury Regulation § 601.702(a)(6)(c)(i), Plaintiff has exhausted applicable administrative remedies and the dispute is ripe for judicial review.

## COUNT I
## Production Under FOIA

34. Plaintiff hereby readopts and reasserts each and every allegation contained in paragraphs 1-33 of the Complaint as though fully set forth herein.

35. Plaintiff is statutorily entitled to the records she requested from Defendant pursuant to the FOIA.

36. Defendant wrongfully withheld the requested records in violation of the FOIA.

37. As of the date hereof, 365 days after the October 2024 FOIA Request, Defendant has not produced any responsive documents to Plaintiff, notwithstanding the FOIA's requirement of an agency response within 20 working days.

38. Plaintiff exhausted her applicable administrative remedies with respect to her FOIA requests to Defendant.

## COUNT II
## Violation of the APA

39. Plaintiff hereby readopts and reasserts each and every allegation contained in paragraphs 1-38 of the Complaint as though fully set forth herein.

40. Plaintiff is entitled to the records she requested from Defendant pursuant to the FOIA.

41. As of the date hereof, Defendant has not responded with the requested documents to Plaintiff's FOIA requests, notwithstanding the FOIA's requirement of an agency response within 20 working days.

42. Defendant's failure to respond with the requested documents to Plaintiff's FOIA requests constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA.

43. Defendant's failure to timely respond with the requested documents is arbitrary, capricious, an abuse of discretion, not in accordance with law, and without observance of procedure required by law, all in violation of the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Expedite this proceeding pursuant to 28 U.S.C. § 1657;

2. Declare Defendant's failure to disclose the requested records unlawful;

3. Enjoin Defendant from withholding such records;

4. Order Defendant to disclose the requested records to Plaintiff within 20 days of an Order from this Court;

5. Award Plaintiff her costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E); and

6. Award Plaintiff such other relief as the Court may deem appropriate.

Dated: October 22, 2025

Respectfully submitted,


*S/Charles E. Dorkey, III*
Charles E. Dorkey, III (1199504)
DENTONS LLP
1221 Avenue of the Americas
New York, NY 10020-1089
charles.dorkey@dentons.com
(212) 905-8330

Mark A. Loyd (pro hac vice to be filed)
Bailey Roese (pro hac vice to be filed)
Helen V. Cooper (pro hac vice to be filed)
DENTONS BINGHAM GREENEBAUM LLP
101 S. Fifth Street, Suite 3500
Louisville, KY 40202
mark.loyd@dentons.com
bailey.roese@dentons.com
helen.cooper@dentons.com
(502) 587-3552
(502) 587-3507

COUNSEL FOR PLAINTIFF,
ANNE T. KAVANAGH